B6 (Official Form 6 - Declaration) (12/07)

Mammoth Carlsbad I, LLC

In re _____          Case No. __09-14052-LA11__
                    **Debtor**                                      **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date _____          Signature: _____
                                                                    Debtor:


Date _____          Signature: _____
                                                              (Joint Debtor, if any)

                                                   [If joint case, both spouses must sign.]

--------------------------------------------------------------------------------

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any,                Social Security No.
of Bankruptcy Petition Preparer                         *(Required by 11 U.S.C § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

Address

X _____              _____
   Signature of Bankruptcy Petition Preparer                          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

--------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the __CEO of Managing Member Mammoth Equities LLC__ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the __Mammoth Carlsbad I, LLC__ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __19__ sheets *(total shown on summary page plus 1),* and that they are true and correct to the best of my knowledge, information, and belief.

Date __9/17/09__          Signature: __/s/ Robert L. Wish__

                                          ROBERT L. WISH
                                          [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

--------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver 4.4.5-740 - 32606 - PDF-XChange 3.0

B7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT
Southern District of California

In Re __Mammoth Carlsbad 1, LLC__ _____ _____          Case No. __09-14052-LA11__
                                                                                                    (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

#### 1. Income from employment or operation of business

None
☒

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

    AMOUNT                                              SOURCE

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | | SOURCE |
|---|---|---|
| 2009 | 0.00 | |
| 2008 | 0.00 | |

None

**3. Payments to creditors**

☒

*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None
☐

*b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*)☐any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative☐repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Thomas Corcovelos<br>Corcovelos Law Group<br>1001 Sixth Street, Suite 150<br>Manhattan Beach CA 90266 | 9/17/09 | 25000 | 0 |
| San Diego Gas and Electric<br>P.O. Box 25111<br>Santa Ana, CA 92799-5111 | | 10109.08 | |
| Servi-Tek Janitorial Services<br>3970 Sorrento Valley Blvd, Suite D<br>San Diego, CA 92121 | | 6579 | |

None
☐    *c. All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Mammoth Equities LLC<br>29222 Rancho Viejo Rd # 203<br>San Juan Capistrano, CA 92675 | | 32414 | |
| Mammoth Equities Prop Mgmt Grp Inc<br>29222 Rancho Viejo Rd # 203<br>San Juan Capistrano, CA 92675 | | 61662 | |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐    a.    List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Mammoth Carlsbad I, LLC vs. Wachovia Bank<br>Case #:<br>30200900305211 | Declaratory RElief and Breach of Contract on loan | Riverside Superior Court | Pending |

None
☒    b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

#### 5.   Repossessions, foreclosures and returns

None
☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

#### 6.   Assignments and Receiverships

None
☒

a.   Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
☒

b.   List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

#### 7.   Gifts

None
☒

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

00-0

**8.  Losses**

None
☒

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.  Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Thomas Corcovelos 1001 Sixth Street, Suite 150 Manhattan Beach CA 90266 | 9/17/09 | 25000 |

**10.  Other transfers**

None
☒

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

None
☒

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

0042

**15. Prior address of debtor**

None

☒

     If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                       NAME USED                           DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None

☒

     If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin)  within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

     NAME

**17. Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

     "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

     "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None

☒

    a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME            NAME AND ADDRESS             DATE OF            ENVIRONMENTAL
AND ADDRESS         OF GOVERNMENTAL UNIT          NOTICE               LAW

    b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None

☒

SITE NAME            NAME AND ADDRESS             DATE OF            ENVIRONMENTAL
AND ADDRESS         OF GOVERNMENTAL UNIT          NOTICE               LAW

None ☒    c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None ☒    a.    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ☒    b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

Bankruptcy2009 ©1991-2009, New Hope Software, Inc. - ver. 4.4.9-740 - 32666 - PDF-XChange 3.0

**19. Books, record and financial statements**

None    a.    List all bookkeepers and accountants who within the two years immediately preceding the filing of this
☒    bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                    DATES SERVICES RENDERED

None    b.    List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case
☒    have audited the books of account and records, or prepared a financial statement of the debtor.

   NAME                              ADDRESS                    DATES SERVICES RENDERED

None    c.    List all firms or individuals who at the time of the commencement of this case were in possession of the books
☒    of account and records of the debtor. If any of the books of account and records are not available, explain.

   NAME                                ADDRESS

None    d.    List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
☒    financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

   NAME AND ADDRESS                          DATE
                                             ISSUED

**20. Inventories**

None    a.    List the dates of the last two inventories taken of your property, the name of the person who supervised the
☒    taking of each inventory, and the dollar amount and basis of each inventory.

   DATE OF INVENTORY          INVENTORY SUPERVISOR          DOLLAR AMOUNT OF INVENTORY
                                                            (Specify cost, market or other basis)

None    b.    List the name and address of the person having possession of the records of each of the two inventories
☒    reported in a., above.

   DATE OF INVENTORY                          NAME AND ADDRESSES OF CUSTODIAN OF
                                             INVENTORY RECORDS

**21. Current Partners, Officers, Directors and Shareholders**

None ☒   a.   If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐   b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Mammoth Equities LLC<br>29222 Rancho Viejo Rd. # 203<br>San Juan Capistrano, CA 92675 | Managing Member | Profit Participation |
| Pechanga Development Corporation<br>45000 Pechanga Pkwy, Bldg F<br>Temecula, CA 92692 | Member | 100% |

**22. Former partners, officers, directors and shareholders**

None ☒   a.   If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☒   b.   If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23.  Withdrawals from a partnership or distribution by a corporation**

None ☒   If the debtor is a partnership or a corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

0046

**24.  Tax Consolidation Group**

None ☒   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25.  Pension Funds**

None ☒   If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER IDENTIFICATION NUMBER (EIN)

\*   \*   \*   \*   \*   \*

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   9/17/09                    Signature   /s/ Robert L. Wish

ROBERT L. WISH,
CEO of Managing Member Mammoth Equities LLC

Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

0047

<u>0</u>   continuation sheets attached

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____           _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer       Social Security No. (Required by 11 U.S.C. § 110(c).)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____

Address

X_____           _____
Signature of Bankruptcy Petition Preparer                              Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.*

# Exhibit "D"

1    Robert A. Trodella, Jr. (184081)
     JONES DAY
2    555 California Street, 26th Floor
     San Francisco, CA 94104
3    Telephone:   (415) 626-3939
     Facsimile:    (415) 875-5700
4    Email:       rtrodella@jonesday.com

5    Attorneys for Secured Creditor
     WACHOVIA BANK, NATIONAL ASSOCIATION

6

7

8                 UNITED STATES BANKRUPTCY COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11    In re:                       CASE NO. 09-14052-LA11

12    Mammoth Carlsbad I, LLC,        RT1

13        Debtor.               **WACHOVIA BANK'S**
                                 **MEMORANDUM OF POINTS AND**
14                                    **AUTHORITIES IN SUPPORT OF**
                                   **MOTION FOR RELIEF FROM THE**
15                                    **AUTOMATIC STAY**

16

17

18

19

20    .

21

22

23

24

25

26

27

28

## Table of Contents

|  |  | **Page** |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| | A. The Loan and the Defaults. | 2 |
| | B. The Property. | 3 |
| | C. The Appraisal Demonstrates that the Property Is Impaired and Will Likely Continue to Deteriorate in Value. | 4 |
| III. | ARGUMENT | 5 |
| | A. Mammoth Cannot Adequately Protect Wachovia's Interest In The Property. | 5 |
| | 1. No Equity Cushion Exists. | 6 |
| | 2. Mammoth Cannot Provide an Alternative Form of Adequate Protection. | 8 |
| | B. Mammoth Has No Equity In The Property And The Property Is Not Necessary For An Effective Reorganization. | 8 |
| | C. Because Mammoth Cannot Show a Reasonable Likelihood of Success, Immediate Stay Relief Is Appropriate. | 11 |
| IV. | CONCLUSION | 11 |

1

2

## <u>TABLE OF AUTHORITIES</u>

3
Page
4

**CASES**

5     *In re Aled Corp.,*
6        47 B.R. 257 (Bankr. E.D. Pa. 1985) ..............................................................................................6

7     *In re Castle Ranch of Ramona, Inc.,*
         3 B.R. 45 (Bankr. S.D. Cal. 1980) ................................................................................................11

8     *In re Craig,*
9        50 B.R. 289 (Bankr. E.D. Pa. 1985) ..............................................................................................7

10    *In re Delaney-Morin,*
         304 B.R. 365 (B.A.P. 9th Cir. 2003) ..............................................................................................6
11
      *In re Dollar Associates,*
12       172 B.R. 945 (Bankr. N.D. Cal. 1994) .......................................................................................9, 10

13    *In re Grambler,*
         21 B.R. 3 (Bankr. E.D. Pa. 1982) ..................................................................................................6
14

15    *In re Grunstrom,*
         14 B.R. 791 (Bankr. D.C. Mass. 1981) ..........................................................................................7
16
      *In re Jug End in Berkshires, Inc.,*
17       46 B.R. 892 (Bankr. D.C. Mass. 1985) ..........................................................................................6

18    *In re Kost,*
19       102 B.R. 829 (Bankr. D.C. Wyo. 1989) ..........................................................................................7

20    *In re Mellor,*
         734 F.2d 1396 (9th Cir. 1984) ......................................................................................................6
21
      *In re Pond,*
22       43 B.R. 522 (Bankr. D.N.D. 1984) ................................................................................................6

23    *In re Rutter,*
         25 B.R. 244 (Bankr. E.D. Mich. 1982) ........................................................................................11
24

25    *In re San Clemente Estates,*
         5 B.R. 605 (Bankr. S.D. Cal. 1980) ..............................................................................................6
26
      *In re Sun Valley Ranches, Inc.,*
27       823 F.2d 1373 (9th Cir. 1987) ......................................................................................................5

28

*In re Winters*,
  99 B.R. 658 (Bankr. W.D. Pa. 1989) ................................................................................................9

*In re Woodbridge North Apts., Ltd.*,
  71 B.R. 189 (Bankr. N.D. Cal. 1987) ...............................................................................................9

*La Jolla Mortg. Fund v. Rancho El Cajon Associates*,
  18 B.R. 283 (Bankr. S.D. Cal. 1982) ......................................................................................passim

*United States Savings Assn. of Texas v. Timbers of Inwood Forest Associates*,
  484 U.S. 365 (1988) ....................................................................................................................9, 10

**STATUTES**

11 U.S.C.
  § 361 ..............................................................................................................................................6, 8
  § 362(d)(1) ...............................................................................................................................passim
  § 362(d)(2) ....................................................................................................................................1, 9
  § 362(d)(3) .......................................................................................................................................1
  § 362(e) ...........................................................................................................................................11
  § 362(g)(1) ....................................................................................................................................5, 9
  § 362(g)(2) ........................................................................................................................................9
  § 1111(b) .........................................................................................................................................10
  § 1126(c) .........................................................................................................................................10
  § 1129(a)(8) & (10).........................................................................................................................10

SFI-620821v3

## I.    INTRODUCTION

Wachovia Bank, N.A. ("Wachovia") is debtor Mammoth Carlsbad I, LLC's ("Mammoth's") sole secured lender in this single asset real estate case. Its unpaid loan was made in the principal amount of $14,648,734 and matured in March.

Mammoth filed this bankruptcy for two reasons: to delay Wachovia from foreclosing and to prevent Wachovia from collecting rents under its assignment of rents clause in its deed of trust. Mammoth did this despite the fact that the commercial building that serves as collateral for Wachovia's loan is over-leveraged, and that no payment has been made on account of the loan since April 7, 2009. In other words, since that time and before the bankruptcy Mammoth wrongfully diverted rents.

By this motion, Wachovia seeks an order terminating the automatic stay so that it can proceed with foreclosure and otherwise exercise its remedies. Relief is appropriate under 11 U.S.C. § 362(d)(1) because Wachovia has no equity cushion in the underlying collateral – indeed its loan balance exceeds the value of its collateral by over $2.1 million – and Mammoth cannot otherwise adequately protect Wachovia's deteriorating interest in that property.

An independent basis for stay relief exists in that under no reasonable scenario can Mammoth reorganize. The property is only 30% occupied and cannot fund general operating expenses, much less a plan. Moreover, this case is essentially a two party dispute and Wachovia can and will block confirmation, even under a cram-down. It has the right to vote as both a secured and unsecured creditor, and the magnitude of its claims will dominate both classes. Therefore, relief from the automatic stay is also appropriate under 11 U.S.C. § 362(d)(2).

Whether relief can separately be granted under subsection 362(d)(3) is premature. Still, by that subsection Congress has made clear that single asset real estate cases such as Mammoth's should be tested on an accelerated time-frame.

In short, the reality is that the property is impaired and Mammoth cannot adequately protect Wachovia's interest in that property. Nor can it fund property taxes or otherwise fund operations; and, it has no means to implement a credible plan. Given these facts, expedited stay relief is overwhelmingly appropriate.

## II. STATEMENT OF FACTS

**A.   The Loan and the Defaults.**

Pursuant to a June 7, 2006 Construction Loan Agreement (the "Loan Agreement"), Wachovia agreed to loan $14,648,734 (the "Loan") to Mammoth to construct an office building located at 2888 East Loker Avenue in Carlsbad, California (the "Property"). *See* Declaration of Frank Stumpf, Ex. A, submitted herewith. The Loan is secured by, among other things, a first priority Construction Deed of Trust, Assignment of Rents and Security Agreement dated June 7, 2006, recorded on June 16, 2006 as document no. 2006-0428827 in the Official Records of San Diego County, California (the "Deed of Trust"). *See id.*, Ex. B. The Loan is also guaranteed by two Guaranty Agreements, the first dated June 7, 2006 and executed by Mammoth Equities, LLC and the second dated August 16, 2007 and executed by Robert L. Wish (together, the "Guarantors"), each for the benefit of Wachovia. *See id.*, ¶ 6.

The Loan is evidenced by a June 7, 2006 Promissory Note (the "Note"), which provided a December 7, 2008 maturity date (the "Maturity Date"). *See id.*, Ex. C. Although the Note permitted two one-year extensions to the Maturity Date if certain conditions were met, Mammoth did not satisfy these conditions. For example, the Property had to be "not less than eighty percent (80%) . . . occupied by tenants . . ." before the first one-year extension could be granted. *See* Stumpf Decl., ¶ 7, Ex. C at § 11(a)(v). But occupancy at the Property has never exceeded 50%. *Id.*, ¶ 13. Instead, Wachovia granted Mammoth a ninety day extension to March 7, 2009 (the "Extended Maturity Date"). Mammoth failed to repay the Loan by or after that Extended Maturity Date. *See* Stumpf Decl., ¶ 8.

As of the Petition Date, September 18, 2009, Wachovia was owed $14,648,734 in principal, plus accrued interest of $374,298.17, and attorneys' fees and other fees and costs. No payment has been made on the Loan since April 7, 2009. Interest is accruing at approximately $67,000 per month or $2,236.48 per diem. *See* Stumpf Decl., ¶ 11.

Shortly after the Extended Maturity Date, Wachovia entered into loan work-out discussions with Mammoth. In connection with those discussions Mammoth and Wachovia, as well as the two Guarantors, entered into a pre-negotiation letter agreement dated March 24, 2009.

WACHOVIA'S MEM. P&A ISO MOT. FOR STAY
RELIEF CASE NO. 09-14052-LA11

- 2 -

0054

1     The stated purpose of that letter was to "ensure that none" of the parties "gives up any rights or

2   incurs any obligations" as a result of negotiations with respect to the Loan "unless and until" a

3   written agreement was signed and delivered. That letter agreement also made clear that the loan

4   documents remained in "full force and effect," were not modified, and that Wachovia had not

5   agreed to forbear from exercising its rights, "including the right to initiate foreclosure." In

6   addition, the letter agreement made clear that Mammoth "should not pass up or ignore any

7   alternative opportunities that might arise during negotiations that would enable [Mammoth's]

8   performance under the Loan Documents or provide an opportunity to repay the Loan in full."

9   Stumpf Decl., Ex. D, pp. 2-4. The parties, however, were unable to renegotiate the Loan and the

10   Extended Maturity Date remained unchanged.

11     Wachovia thereafter commenced foreclosure proceedings. On September 4, 2009,

12   Wachovia recorded a Notice of Default on the Property with the San Diego County Recorder's

13   Office. Wachovia also sought the consensual appointment of a third party property manager to

14   collect rents since Wachovia had not received payment on account of the Loan since April 7. In

15   response, Mammoth filed its petition for bankruptcy on September 18. Stumpf Decl., ¶ 10.

16     The fact that rents were not remitted to Wachovia constituted yet another Loan default

17   given that Mammoth had "transfer[red] and assign[ed] . . . all the right, title and interest . . . in

18   and to the Rents" to Wachovia. Stumpf Decl., Ex. B, p. 11. It also meant that Mammoth

19   converted and wrongfully diverted these rents inasmuch as Mammoth failed to make any payment

20   to Wachovia since April.

21   **B.**   **The Property.**

22     The Property consists of a commercial office building located in Carlsbad, California.

23   Construction was completed in November 2007 and resulted in an 80,378 square foot, three-story

24   office building divided into office suites. The units are small relative to comparable commercial

25   buildings and the Property does not offer executive suite amenities such as common facilities or a

26   central switchboard. As such, the units appeal to a specific start-up company target market.

27   Stumpf Decl., ¶ 12; Declaration of Paul A. Laubach, Ex. B, pp. 6-7, submitted herewith.

28

1    The tenant base typically includes few credit tenants with short-term leases of only 1-2

2   years. This model has resulted in high tenant turnover, and consequently higher vacancy

3   associated with downtime. Laubach Decl., Ex. B, p. 7. Indeed, since its completion occupancy at

4   the Property has never exceeded 50% -- and is currently at only about 30% -- all well below the

5   appraiser's estimated stabilized occupancy of 80%. Stumpf Decl., ¶ 13; Laubach Decl., Ex. B, p.

6   89. The appraiser's estimate does not include debt service at current market rates, suggesting that

7   the Property's stabilized occupancy is even higher. The Property is also management intensive

8   resulting in relatively high operating costs. Laubach Decl., Ex. B, p. 7.

9    The effect of all of this is that the Property does not generate positive cash-flow and

10   therefore cannot fund required adequate protection payments while also funding the costs of this

11   bankruptcy case (much less any debt service associated with a plan).

12   **C.    The Appraisal Demonstrates that the Property Is Impaired and Will Likely**

13   **Continue to Deteriorate in Value.**

14    A May 2009 appraisal of the Property concluded that its "as-is" value was only $12.5

15   million. *See* Laubach Decl., ¶ 6, Ex. B. This is over $2.1 million less than the principal owed on

16   the Loan, and about $2.5 million less with accrued interest. Given market conditions, the

17   continued un-stabilized state of the asset, and Mammoth's insolvency, there is no reason to

18   believe that this value will not continue to deteriorate.

19    The appraisal notes that as of May 4, 2009, the Property was 37.3% leased. *Id.*, p. vi.

20   This low occupancy rate has trended downward as noted above given Wachovia's understanding

21   that as of July 28 the Property was only about 30% leased. Stumpf Decl., ¶ 13. That trend

22   corresponds with the appraiser's conclusions in May, which noted that "absorption now appears

23   to be slowing, with move outs largely matching new move ins since October 2008." Laubach

24   Decl., Ex. B, p. 89. Indeed, the appraiser estimated that it could take two years to reach the

25   estimated stabilized occupancy of 80% based on an assumed net monthly absorption of 1,500

26   square feet (an absorption rate that has not occurred given recent trends). *Id.*

27

28

WACHOVIA'S MEM. P&A ISO MOT. FOR STAY
RELIEF CASE NO. 09-14052-LA11                          - 4 -

0056

1       The appraisal also notes several "disadvantages" with respect to the Property. These

2  include the fact that there are "very few 'credit' tenants," that there are high levels of turnover,

3  and a higher than average property management costs (*id.*, p. 7), all of which as noted above is

4  consistent with Wachovia's understanding of the Property. The fact that "vacancy at the

5  [Property] is likely to be greater than for more traditional properties" (*id.*, p. 62) is particularly

6  troubling given that the Carlsbad area "has experienced overbuilding" and has "the fourth

7  highest" vacancy rate in San Diego County. *Id.*, p. 25. Market trends suggest "additional

8  softening" and that "the existing supply of office space far exceeds demand." *Id.*, pp. 27-28. In

9  addition, "[c]apitalization rates have been rising" (*id.*, p. 28) and the area has "experienc[ed]

10  unusually high vacancy." *Id.*, p. 86.

11       None of this bodes well for the Property. It suggests that any rebound in values will lag

12  significantly given the combination of a depressed market and an office product that is prone to

13  high tenant turnover and slow absorption.

14                      **III.**    **ARGUMENT**

15       The Bankruptcy Code provides two alternative grounds for granting stay relief under the

16  facts here. The first ground is for "cause," including lack of adequate protection. 11 U.S.C. §

17  362(d)(1). The second alternative ground mandates relief where (i) the debtor has no equity in

18  the property, and (ii) that property is unnecessary for an "effective" reorganization. *Id.* at §

19  362(d)(2). Wachovia need only prevail on one of these two grounds. *In re Sun Valley Ranches,*

20  *Inc.*, 823 F.2d 1373, 1376 (9th Cir. 1987). Nevertheless, both grounds are met.

21       Wachovia bears the initial burden of proof only with respect to determinations of

22  Mammoth's equity in the Property. Mammoth bears the burden on all other issues. 11 U.S.C. §

23  362(g)(1), (2).

24  **A.**    **Mammoth Cannot Adequately Protect Wachovia's Interest In The Property.**

25       Section 362(d)(1) provides that "the court shall grant relief from the stay . . . for cause,

26  including the lack of adequate protection of an interest in property . . ." Mammoth has the burden

27  of proof on the "question of providing adequate protection." *See La Jolla Mortg. Fund v. Rancho*

28  *El Cajon Associates*, 18 B.R. 283, 288 (Bankr. S.D. Cal. 1982).

WACHOVIA'S MEM. P&A ISO MOT. FOR STAY
RELIEF CASE NO. 09-14052-LA11        - 5 -        **0057**

1      Although "adequate protection" is not defined in the Bankruptcy Code, section 361 sets

2  forth three examples of what may constitute adequate protection, including periodic cash

3  payments equivalent to decrease in value, an additional or replacement lien on other property or

4  other relief that provides the "indubitable equivalent." 11 U.S.C. § 361. For secured creditors,

5  the "existence of an 'equity cushion' . . . is the classic form of [adequate] protection for a secured

6  debt justifying the restrain[t] of lien enforcement by a bankruptcy court." *In re Mellor*, 734 F.2d

7  1396, 1400 (9th Cir. 1984); *cf. In re San Clemente Estates*, 5 B.R. 605 (Bankr. S.D. Cal. 1980).

8      Where there is no meaningful cushion, and where the debtor cannot make payments

9  sufficient to protect the lender's interest in its collateral, or offer replacement liens, sufficient

10  cause exists to lift the stay. *See In re Aled Corp.*, 47 B.R. 257 (Bankr. E.D. Pa. 1985); *In re Jug*

11  *End in Berkshires, Inc.*, 46 B.R. 892 (Bankr. D.C. Mass. 1985) (holding that bank was entitled to

12  relief from stay where no cushion existed and debtor failed to prove that security interest was

13  otherwise adequately protected); *see also, In re Delaney-Morin*, 304 B.R. 365 (B.A.P. 9th Cir.

14  2003) (failure to make regular payments constitutes "cause"); *In re Grambler*, 21 B.R. 3 (Bankr.

15  E.D. Pa. 1982) (no payments and slow market indicated appreciation would not keep pace with

16  accruing interest and late charges).

17      Here, not only does no equity cushion exist to protect Wachovia's interest in the Property,

18  but Mammoth has not and cannot provide any alternative form of adequate protection identified

19  in section 361.

20    **1.**    **No Equity Cushion Exists.**

21      An equity cushion protects secured creditors from loss due to the collateral's decrease in

22  value while the stay is in effect. It, in essence, is a determination of whether sufficient value

23  exists to protect the creditor's interest over the course of the automatic stay. *See La Jolla*

24  *Mortgage Fund v. Rancho El Cajon Associates*, 18 B.R. 283 (Bankr. S.D. Cal 1982). As such,

25  the equity cushion is not a snapshot of one point in time or a static concept, but should be

26  considered over time. Therefore, when determining the equity cushion, the Court should consider

27  whether the cushion will erode due to depreciation and tax and monthly interest accruals, among

28  other costs. *See In re Pond*, 43 B.R. 522 (Bankr. D.N.D. 1984) (finding no adequate protection

1    where cushion equaled 5.7%, property taxes were 2 years delinquent and area property values

2    depreciated 3% in 12 months); *see also In re Kost*, 102 B.R. 829 (Bankr. D.C. Wyo. 1989)

3    (finding 11.5 % cushion insufficient where real estate market declining); *see also In re Craig*, 50

4    B.R. 289 (Bankr. E.D. Pa. 1985) (cushion eroded by monthly interest accrual); *see also In re*

5    *Grunstrom*, 14 B.R. 791 (Bankr. D.C. Mass. 1981) (proper to consider rate at which taxes and

6    interest are accruing). Here, each of these factors demonstrates that Wachovia's interest is not

7    adequately protected.

8         The appraisal conducted by Summit Realty Advisors shows that the "as-is" market value

9    of the Property is only $12.5 million, or $2.5 million less than the outstanding principal and

10    interest accrued as of the Petition Date. In other words, Wachovia has no equity cushion and in

11    fact the Property is over-leveraged. Thus, the circumstances presented here are more dire than

12    those presented in *In re Kost, supra*, where the court found that even a 11.5% cushion was

13    inadequate. As the court in *La Jolla* explained, if the equity cushion

14              is small, or if we have an undersecured claim, and the value of the
              property is not on the rise, then the Court must be more particular
15              concerning the adequacy of the offered protection, especially when
              it is simply the collateral itself. In such marginal situations, the
16              collateral alone may not be enough, even at an early stage of
              proceedings. A debtor may have to offer more than just the
17              property, if it wishes to prevail.

18    *La Jolla Mortgage Fund*, 18 B.R. at 288.

19         Here, the claim is not only undersecured but as noted in the appraisal and as broadly

20    reported in the media, real estate values continue to erode. For example, in May the Property was

21    about 37% occupied, but currently that occupancy rate has slipped to about 30%. This is likely

22    due in part to the continued softening of the commercial real estate market due to the economic

23    downturn, but is also partly attributable to Mammoth's business plan which targets smaller, start-

24    up tenants and results in short-term leases, high turnover, vacancy and collection losses, and high

25    operating costs. As such, the Property is likely to continue to suffer in this economy, which will

26    result in a continued erosion in Wachovia's secured interest. Laubach Decl., Ex. B, p. 7.

27         Moreover, this negative equity cushion will only continue to grow as interest accrues (*i.e.*,

28    currently about $67,000 per month) and property tax liens are imposed. Mammoth has already

WACHOVIA'S MEM. P&A ISO MOT. FOR STAY
RELIEF CASE NO. 09-14052-LA11                    - 7 -

1    identified the San Diego County Treasurer as a creditor with claims amounting to $162,768.67,

2    apparently for assessed and unpaid property taxes. *See* Dkt. 13, Schedule F, p. 14. Yearly

3    property taxes for the Property amount to about $203,000. Laubach Decl., Ex. B, p. 36. Thus, in

4    the face of a declining commercial real estate market and accruing interest and taxes, the "classic

5    form" of adequate protection for secured creditors does not exist to protect Wachovia's interest.

6           **2.**     **Mammoth Cannot Provide an Alternative Form of Adequate Protection.**

7          Nor can Mammoth provide any of the alternative forms of adequate protection identified

8    in section 361. The low occupancy rates means that Mammoth cannot make periodic cash

9    payments to offset the decline in the Property's value. Indeed, Wachovia has received no interest

10    payments on account of the Loan since April 7 and property taxes have not been paid. In its

11    personal property schedule, Mammoth admits that it has no available cash to make these

12    payments. *See* Dkt. 13, Schedule B, p. 2 (listing value of financial accounts as $0). Mammoth

13    cannot offer an additional or replacement lien on property because the only asset it owns is the

14    Property. *See* Dkt. 13, Schedule A, p. 1. Finally, neither Mammoth nor its managing member

15    has been willing to provide additional equity to the project. Stumpf Decl., ¶ 9.

16          Because no equity cushion exists, the collateral continues to decline in value and

17    Mammoth has no apparent ability to provide periodic payments or a replacement lien, good cause

18    exists for relief from the automatic stay under 11 U.S.C. § 362(d)(1).

19    **B.**     **Mammoth Has No Equity In The Property And The Property Is Not Necessary For**

20          **An Effective Reorganization.**

21          Stay relief is also appropriate under subsection 362(d)(2). The Court shall grant relief

22    from the stay under 362(d)(2) where "the debtor does not have an equity in such property" and

23    "such property is not necessary to an effective reorganization." As used in this section, "equity"

24    is the property's fair market value above all secured claims that can be realized from the sale of

25    the property for the benefit of unsecured creditors. *See La Jolla Mortgage Fund*, 18 B.R. at 290.

26    Subsection 362(d)(2) "was added to the Code as a direct response to situations involving real

27    property mortgage foreclosures where the petition for relief is filed in the Bankruptcy Court on

28    the eve of the foreclosure." *Id.* at 289. In short, this subsection is meant to address the very

WACHOVIA'S MEM. P&A ISO MOT. FOR STAY
RELIEF CASE NO. 09-14052-LA11       - 8 -          **0060**

1  circumstances presented here, *i.e.*, Mammoth's attempt to forestall foreclosure. As such, relief

2  from the stay is appropriate under subsection 362(d)(2) even where the debtor can provide

3  adequate protection under section 362(d)(1).

4        As to the first prong of the analysis, Wachovia has demonstrated that Mammoth has no

5  equity in the Property. The "as-is" value in May was about $2.1 million less than just the

6  principal balance owed on the Loan. That lack of equity is all the more palpable when unpaid

7  property taxes are factored in.

8        Once lack of equity is established, the burden shifts to the debtor to demonstrate that the

9  property is "necessary for an effective reorganization." 11 U.S.C. § 362(g)(2); *see also United*

10 *States Savings Assn. of Texas v. Timbers of Inwood Forest Associates*, 484 U.S. 365, 375 (1988).

11 Unsupported hope is not enough. "If all the debtor can offer at this time is high hopes without

12 any financial prospects on the horizon to warrant a conclusion that a reorganization in the near

13 future is likely, it cannot be said that the property is necessary to an 'effective' reorganization."

14 *La Jolla*, 18 B.R. at 291.

15       The realities of the plan confirmation process also play a role. A debtor cannot satisfy its

16 burden under section 362(d)(2) where it cannot confirm a plan over creditor objections. *See In re*

17 *Dollar Associates*, 172 B.R. 945, 953 (Bankr. N.D. Cal. 1994) (relief appropriate where creditor

18 can block reorganization plan); *In re Woodbridge North Apts., Ltd.*, 71 B.R. 189, 190 (Bankr.

19 N.D. Cal. 1987) (holding that "test is not satisfied if Debtor cannot obtain confirmation of a plan

20 of reorganization"); *In re Winters*, 99 B.R. 658, 659 (Bankr. W.D. Pa. 1989) (same). In *Timbers*,

21 the Supreme Court noted that a finding that there is a lack of any realistic prospect of an effective

22 reorganization, even during the exclusivity period, requires subsection 362(d)(2) relief.[1]

23 *Timbers*, 484 U.S. at 375.

24

25       [1] The court in *In re Diplomat Electronics Corp.*, 82 B.R. 688, 691 (Bankr. S.D.N.Y. 1988),
granted stay relief three months after the case was filed where the debtor had a history of
26 operating losses and could not demonstrate that it could obtain the cash infusions necessary to
revive its business. Similarly, in *In re Richardson Group, Inc.*, 107 B.R. 353, 354-55 (Bankr.
27 M.D. Fla. 1989), the court granted relief from stay to foreclose where the debtor could not show
that property was necessary to an effective reorganization given that the income from the property
28 was insufficient to service the debt and would remain insufficient for the foreseeable future.

WACHOVIA'S MEM. P&A ISO MOT. FOR STAY
RELIEF CASE NO. 09-14052-LA11          - 9 -

1    Like Mammoth, the debtor's sole asset in *In re Dollar Associates* was an office building

2    in which it had no equity. The senior secured creditor, which was also the largest unsecured

3    creditor, moved for relief from stay to foreclose on the building after it was able to block all

4    confirmation plans proposed by the debtor. *Id.* at 947-53. The court granted stay relief under

5    subsection 362(d)(2) because it was "unlikely Debtor could propose a confirmable plan if

6    afforded additional time . . ." *Id.* at 953. The same is true here.

7    Wachovia's claims will dominate both the secured and unsecured classes, so Wachovia

8    can block confirmation of any proposed plan. *See* 11 U.S.C. § 1126(c) (requiring at least two-

9    thirds in amount and more than one-half in number of allowed claims for class to accept plan); 11

10   U.S.C. § 1129(a)(8) & (10).[2] It is the only secured lender, and will therefore be the determinative

11   vote as to the secured creditor class. *See* Dkt. 13, Schedule D (identifying Wachovia as the only

12   secured creditor). Wachovia currently holds about 86% percent of the total value of unsecured

13   claims (89% when insider claims are omitted). *See* Schedule F (identifying unsecured claims

14   equaling only $235,636.51, $50,810.99 of which are owed to an insider affiliated entity); *see also*

15   11 U.S.C. § 1111(b). Thus, Wachovia's position on the plan will be determinative.

16   In any event, the likelihood of Mammoth's reorganization is slim. With the occupancy

17   rate dropping (30% leased to 26 tenants), the Property is not generating the income needed to

18   fund general overhead and adequate protection payments, much less a plan. And the occupancy

19   rate will likely worsen in 2010 because 24 of the Property's 26 leases are due to expire then.

20   Stumpf Decl., ¶ 13. The current trend in the Carlsbad commercial real estate market will only

21   exacerbate Mammoth's financial troubles: ". . . the existing supply of office space far exceeds

22   demand. There is very limited demand arising from new business formation and most existing

23   businesses are looking to reduce costs, and eliminate space, versus expanding into more space."

24   Laubach Decl., Ex. B, p. 28. Under these circumstances, it is unlikely that Mammoth can

25   formulate a successful reorganization plan.

26

27   _____
     [2] Bankruptcy Code subsection 1129(a)(10) provides that if any creditor classes are impaired

28   under a proposed plan, then at least one non-insider impaired class must vote to accept or the plan
     cannot be confirmed.

WACHOVIA'S MEM. P&A ISO MOT. FOR STAY
RELIEF CASE NO. 09-14052-LA11                    - 10 -

1    Even if Mammoth could show that it has a prospect to timely reorganize, it cannot show

2    that the Property is necessary for that reorganization. It is too leveraged to be refinanced, *i.e.*,

3    current net operating income is inadequate to support a loan of the size needed to pay off the

4    outstanding balance on Wachovia's Loan, even at today's historically low interest rates.

5    Moreover, the proceeds of any sale will redound solely to Wachovia and the taxing authority.

6    Given these circumstances, the Property will continue to deteriorate if the stay continues

7    in effect. On the other hand, if Wachovia is permitted to move forward with foreclosure, it could

8    appoint a receiver to collect rents that have been wrongly diverted and could take ownership of or

9    sell the Property, potentially reducing what has proven to be an ever increasing deficiency claim.

10   C.   **Because Mammoth Cannot Show a Reasonable Likelihood of Success, Immediate**

11        **Stay Relief Is Appropriate.**

12        Bankruptcy Code subsection 362(e) provides that this Court may terminate the stay

13   immediately without further hearing. When there is no reasonable likelihood that opposition to

14   the requested relief would succeed at a final hearing, the court should treat the initial hearing as a

15   final hearing and authorize immediate stay relief. *Id.*; *In re Rutter*, 25 B.R. 244, 247 (Bankr. E.D.

16   Mich. 1982); *In re Castle Ranch of Ramona, Inc.*, 3 B.R. 45, 48 (Bankr. S.D. Cal. 1980).

17        Here, relief is appropriate under either Bankruptcy Code subsections 362(d)(1) or (2).

18   That relief should be immediately granted, without the need for a further hearing, because:

19   (1) this is essentially a two-party dispute, where Wachovia's lien far exceeds the appraised value

20   of the assets, (2) Mammoth has not and cannot provide adequate protection of Wachovia's

21   interests, (3) the Property is unnecessary to the estate because it produces insufficient income to

22   fund a plan, and any proceeds from its sale would redound solely to lienholders, and (4) there is

23   no reasonable prospect, indeed no prospect whatsoever, of a reorganization.

24                                 **IV.   CONCLUSION**

25        Relief from the automatic stay is appropriate under both of subsections 361(d)(1) and

26   (d)(2). Wachovia's interest in the Property is not adequately protected as required under 11

27   U.S.C. § 362(d)(1). No equity cushion exists and Mammoth has not and cannot make payments

28   or offer a replacement lien to otherwise adequately protect Wachovia's interest. An independent

WACHOVIA'S MEM. P&A ISO MOT. FOR STAY
RELIEF CASE NO. 09-14052-LA11                - 11 -                           **0063**

1    ground for relief from stay exists under subsection 362(d)(2) because Mammoth has no equity in

2    the Property and cannot fund a plan and Wachovia can block any plan's confirmation. For these

3    reasons, Wachovia respectfully requests that the Court grant immediate relief from the automatic

4    stay as to Mammoth and the Property.

5    Dated: November 6, 2009                          JONES DAY

6
                                                     By
7                                                    Robert A Trodella, Jr.

8                                                    Attorneys for Secured Creditor Wachovia
                                                     National Bank, N.A.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     WACHOVIA'S MEM. P&A ISO MOT. FOR STAY
     RELIEF CASE NO. 09-14052-LA11              - 12 -

| In re: MAMMOTH CARLSBAD I LLC., | CHAPTER 11 |
|---|---|
| Debtor(s). | |
| | CASE NUMBER 8:09-24138-RK |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
411 WEST FOURTH ST., #9041, SANTA ANA, CA  92701.

The foregoing document described as **NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE TO DISMISS CASE PURSUANT TO 11 U.S.C. §1112(b); AND REQUEST FOR ANY QUARTERLY FEES DUE AND PAYABLE TO THE U.S. TRUSTEE AT THE TIME OF THE HEARING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ( "LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 2, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Thomas C Corcovelos    corforlaw@corforlaw.com
- Michael J Hauser    michael.hauser@usdoj.gov
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **February 2, 2010,**I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Mammoth Carlsbad I, LLC**, 29222 Rancho Viejo Rd., #203, San Juan Capistrano, CA 92675

_____Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 2, 2010,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Robert Kwan -- Bin outside Rm. 5097

_____Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/2/10 | DINAH GROSCH | /s/ Dinah Grosch |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| 1 | UNITED STATES BANKRUPTCY COURT |
| | CENTRAL DISTRICT OF CALIFORNIA |
| 2 | <u>RONALD REAGAN FEDERAL BUILDING and U.S. COURTHOUSE</u> |
| | 411 West Fourth Street, Suite 2074, Santa Ana, CA 92701-4593 |
| 3 | |

**<u>NOTICE OF MOTION AND MOTION BY UNITED STATES
TRUSTEE TO DISMISS CASE PURSUANT TO 11 U.S.C.
§1112(b); AND REQUEST FOR ANY QUARTERLY FEES
DUE AND PAYABLE TO THE U.S. TRUSTEE AT THE
TIME OF THE HEARING</u>**

| | | |
|---|---|---|
| 7 | **DEBTOR INFORMATION:** | **BANKRUPTCY NO. 8:09-24138-RK** |
| | MAMMOTH CARLSBAD I LLC, | |
| 8 | | CHAPTER 11 |

Notice is hereby given that a hearing in this case will be held at:

**DATE:      MARCH 3, 2010**
**TIME:      10:30 a.m.**
**LOCATION: RONALD REAGAN FEDERAL BUILDING**
**          and U.S. COURTHOUSE**
**          411 West Fourth Street, Courtroom "5D"**
**          Santa Ana, CA    92701-4593**

To consider and act upon the following:

NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE TO DISMISS CASE PURSUANT TO 11 U.S.C. §1112(b); AND REQUEST FOR ANY QUARTERLY FEES DUE AND PAYABLE TO THE U.S. TRUSTEE AT THE TIME OF THE HEARING.

Objections to the above shall be made in writing and filed with the Court and served upon the United States Trustee at least **FOURTEEN (14) DAYS** prior to the hearing date. Any objections not filed and served may be deemed waived. See Local Bankruptcy Rule 9013-1(f) and (h).

For further information please refer to the Court file or contact the office of the United States Trustee.

For The Court,

Dated: _____

**JON D. CERETTO**
Clerk of Court